35 C.C.P.A.(Patents)

**REMBOLD v. CONNOR.**

Patent Appeal No. 5450.

Court of Customs and Patent Appeals.

June 1, 1948.

Boyken, Mohler & Beckley, of San Francisco, Cal. (C. Willard Hayes and John J. Darby, both of Washington, D. C., of counsel), for appellant.

Oscar A. Mellin, of San Francisco, Cal. (Raymond W. Colton, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

The party Rembold seeks reversal of the decision of the Board of Interference Examiners of the United States Patent Office, awarding priority to the party Connor upon the single count involved in Interference No. 81,776, which reads:

"1. A stack of cards for classification purposes, each having a first row of coded perforations closely adjacent one edge thereof and a second row of similar perforations adjacent to and parallel with said first row, said perforations in each card being disposed in groups of eight with four perforations from each row in four pairs respectively in alignment in direction at right angles to said edge, card identifying means for sequence sorting comprising a pair of notches in said edge of certain of said cards terminating in a pair of openings in said first row only and in certain of said groups, identifying means for direct selection of cards from said stack comprising the aforesaid pairs of notches and a single notch in said edge to a single perforation in the second row of one only of certain others of said groups, any group of said perforations in any one card having one of said pairs of perforations notched out being different from any other group of said perforations in the same card having such single perforation slotted out, similar means identifying each of said four pairs of perforations but distinguishing each of said four pairs from each other, the said four pairs in each group being respectively identified by the printed numerals 7, 4, 2, 1."

The board described the material subject matter of the count as follows:

"This interference relates to cards having coded perforations punched in their margins so that the desired cards may be extracted from the stack or that the cards,

by proper manipulation, may be arranged in sequence. The cards have a pair of parallel rows of perforations along one or more edges of the cards. For direct extraction a single perforation is slotted out to the edge of the card and extends through two perforations, and for sequential sorting a pair of notches extending only to the first row of perforations is utilized. The actual sorting is accomplished by inserting needles through the perforations at the appropriate positions."

■ Rembold's application, Serial No. 522,440, was filed February 15, 1944; that of Connor, Serial No. 532,525, was filed April 24, 1944. Connor being the junior party it was incumbent upon him to establish priority by a preponderance of evidence.

It was held by the board that Connor established conception and reduction to practice in December of 1941. That holding is acquiesced in by Rembold, the brief on his behalf filed before us stating:

"Rembold has no quarrel with the finding of the Board with respect to Connor Exhibit 10 and does not challenge the finding that Connor reduced the invention to practice in December, 1941."

In view of this concession it is unnecessary for us to discuss in detail the evidence on behalf of Connor. He makes no claim to any earlier date.

With respect to Rembold, the board said:

"Rembold relies on the set of cards, Rembold Exhibit A, for conception and reduction to practice in 1940. The corroborated evidence is deemed sufficiently convincing to establish conception of the invention in issue and existence of the cards, Exhibit A, in 1940.

"Rembold urges that the testimony of the witness Rentmeister provides adequate corroboration of the successful use of the Exhibit A cards in 1940, thus establishing a reduction to practice at that time.

"Rentmeister did testify that he manipulated the Exhibit A cards in 1940 to perform both direct and sequence sorting but he did not say whether or not he considered the operation of the cards as satisfactory. As a matter of fact, he admitted on cross-examination that the cards did not function very well because of the sharp prong of paper left when more than one hole was notched out, and that a punch was made at a much later date which would eliminate this difficulty.

"Rembold himself also testified that the projection between the two holes as in card 17 of Exhibit A was objectionable and held up the commercial production of this type of card * * *.

"There is no satisfactory evidence of any further work in the Exhibit A type of card between 1940 and 1943 when work was started on the commercial production of the improved form of Exhibit A in which the projection was eliminated. The patent application on the cards in issue was not filed until February 15, 1944 although several applications on related devices were filed in the period between 1940 and 1943.

"On the above showing we are unable to conclude that Rembold had reduced the invention in issue to practice by a satisfactory and successful use thereof prior to Connor's reduction to practice in December 1941; nor can we conclude that he was exercising due diligence in reducing to practice beginning just prior to Connor's entry into the field in December of 1941."

As we view the case, the only question involved is one of fact.

■ In our study of the evidence, we have found nothing which would justify a reversal of the board's decision upon the matter of reduction to practice.

Our only doubt is as to the correctness of its award of conception to Rembold in 1940. It is questionable whether its conclusion as to reduction to practice is consistent with its award of conception.

One of the material features of the count is the notching or slotting of the cards. Rembold testified that he did this upon the cards which constitute his Exhibit A with a pen knife, but he did not state when he did it. As stated in the brief on behalf of Connor, "There is no evidence or testimony of any nature in this record that establishes the date when the slots were cut into the cards of Exhibit A."

In the absence of any definite showing that the cards were notched by, or for,

Rembold in 1940, it may well be questioned whether conception, as that term is understood in patent law, occurred in 1940.

The decision of the board is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.